# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISABEL C. HAKANSON, | ) |
| Plaintiff | ) ) ) **Case No.:** |
| v. | ) ) **COMPLAINT AND DEMAND FOR** |
| MEDICAL REVENUE SERVICES, | ) **JURY TRIAL** ) |
| Defendant | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

ISABEL C. HAKANSON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MEDICAL REVENUE SERVICES ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Shickshinny, Pennsylvania 18655.

6. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a debt collection company with its principal office located at 645 Walnut Street, Suite 5, Gadsden, Alabama 35902.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all pertinent times hereto, Defendant was hired to collect a

consumer debt and contacted Plaintiff in its attempts to collect that debt.

12. The alleged debt, medical bills at Berwick Hospital, arose out of transactions that were primarily for personal, family, or household purposes.

13. Beginning in or before December 2013, and continuing through January 2014, Defendant contacted Plaintiff in its attempts to collect an alleged consumer debt.

14. Specifically, on or about December 17, 2013, Defendant sent Plaintiff correspondence seeking and demanding payment of $1,363.15, for three (3) medical bills from Berwick Hospital.

15. In addition, Defendant contacted Plaintiff on her home telephone.

16. On more than one occasion, Defendant left recorded messages advising that they needed to speak with her about a "business matter."

17. Defendant messages were deceptive in that it did not have a business matter to discuss with Plaintiff; rather, it was calling to collect a personal debt.

18. In an effort to stop collection calls from Defendant, on January 16, 2014, Plaintiff spoke with one of its collectors, who identified herself as "Elaine."

19. Initially, "Elaine" was polite to Plaintiff; however, when Plaintiff would not immediately agree to make a payment, "Elaine" became hostile and scolded Plaintiff by stating that Berwick had "trusted" her and that she had given "broken promises."

20. "Elaine" demanded that Plaintiff make minimum monthly payments of $25.00/month.

21. Plaintiff is on disability and is not able to afford to make payments of $25.00/month; however, not wanting to be berated for not paying the alleged debt and feeling pressured by "Elaine" to make a payment, Plaintiff agreed to make a payment of $10.00.

22. Plaintiff made a payment of $10.00 on that same day.

23. Then, on or about January 20, 2014, Defendant sent correspondence to Plaintiff confirming a payment plan of $25.00/month, even though Plaintiff had never agreed to a payment plan.

24. When Plaintiff contacted Defendant to tell them that she could not afford to pay $25.00/month, "Elaine" claimed that she had recorded the conversation and that she had to make the payments, falsely implying to Plaintiff that she had agreed to make the payments, when in fact Plaintiff did not agree to monthly payments.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

25. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692d.

    a. A debt collector violates §1692d of the FDCPA by engaging in

4

conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. Here, Defendant violated § 1692d of the FDCPA when it became hostile with Plaintiff on the telephone and scolded her, claiming that she broke promises and abused the trust of Berwick Hospital.

## COUNT II

26. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e and 1692e(10).

a. A debt collector violates §1692e of the FDPCA by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

b. A debt collector violates § 1692e(10) of the FDCPA by using any false or deceptive means to collect or attempt to collect any debt.

c. Here, Defendant violated §§ 1692e and 1692e(10) of the FDCPA by falsely claiming that it was calling Plaintiff about a business debt, when it was really calling her about a personal debt and claiming that she had agreed to monthly payments when she had not agreed.

## COUNT III

27. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

    a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b. Here, Defendants violated § 1692f of the FDCPA by pressuring Plaintiff into a payment plan, and when she called to explain that she cannot afford to make the payments, telling her it had recorded that she agreed to the payment plan and implying that there was no way out of the payment plan, she had to make the payments.

WHEREFORE, Plaintiff, ISABEL C. HAKANSON, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

  d.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ISABEL C. HAKANSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: April 30, 2014  By: */s/ Craig Thor Kimmel*
  CRAIG THOR KIMMEL
  Attorney ID No. 57100
  Kimmel & Silverman, P.C.
  30 E. Butler Pike
  Ambler, PA 19002
  Phone: (215) 540-8888
  Fax: (877) 788-2864
  Email:   kimmel@creditlaw.com